AO 243 (Rev. 2/95)

| | |
|---|---|
| UNITED STATES DISTRICT COURT | District MASSACHUSETTS |

| Name of Movant | Prisoner No. | Case No. |
|---|---|---|
| Anthony Bova | 2-8129-048 | 1:01-cr-10096-MEL |

Place of Confinement
Federal Medical Center Fort devens Massachusetts

UNITED STATES OF AMERICA          V. Anthony Bova

(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack ___United States___
District Court, District of Massachusetts

2. Date of judgment of conviction __September 10, 2002__

3. Length of sentence __30 months Imprisonment/36 months Supervised Release__

4. Nature of offense involved (all counts) __Title 18 USC § 1623 (Perjury) Counts 1 & 2__

__Title 18 USC § 1503 (Obstruction Of Justice) Count 3__

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☒      No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒      No ☐

AO 243 (Rev. 2/95)

9.  If you did appeal, answer the following:

    (a) Name of court  First U.S. Circuit Court of Appeals

    (b) Result  Denied

    (c) Date of result  November 25, 2003 as amended December 2, 2003.

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐        No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court  N/A

        (2) Nature of proceeding  N/A

        (3) Grounds raised  N/A

        (4) Did you receive an evidentiary hearing on your petition, application or motion?

            Yes ☐        No ☒

        (5) Result  N/A

        (6) Date of result  N/A

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court  N/A

        (2) Nature of proceeding  N/A

        (3) Grounds raised  N/A

AO 243 (Rev. 2/95)

   (4) Did you receive an evidentiary hearing on your petition, application or motion?
       Yes ☐   No ☒
          N/A
   (5) Result _____
          N/A
   (6) Date of result _____

  (c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.          Yes ☐     No ☒
    (2) Second petition, etc.       Yes ☐     No ☒

  (d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

      N/A

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

   Caution:   If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

  (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

  (b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(h) Denial of right of appeal.

A.    Ground one: _Conviction Obtained through appearance of Judicial Misconduct._

Supporting FACTS (state *briefly* without citing cases or law)

(See Memorandum In Support)

B.    Ground two: _Conviction Affirmed by failure of Appellate Counsel to properly raise claims._

Supporting FACTS (state *briefly* without citing cases or law)

(See Memorandum In Support)

C.    Ground three:

Supporting FACTS (state *briefly* without citing cases or law)

D.    Ground four: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

N/A

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐    No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a) At preliminary hearing    Federal Defenders  Office, 408 Atlantic Ave.

Boston, Massachusetts   02210

(b) At arraignment and plea    Same

(c) At trial    Same

(d) At sentencing    Same

(e) On appeal ___Same_____

_____

(f) In any post–conviction proceeding ___Pro se_____

_____

(g) On appeal from any adverse ruling in a post–conviction proceeding ___N/A_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒☒        No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐        No ☒☒

(a) If so, give name and location of court which imposed sentence to be served in the future: ___N/A_____

_____

_____

(b) Give date and length of the above sentence: ___N/A_____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐        No ☒☒

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

___N/A_____
            Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

___September 5, 2004___
       (Date)

X _____
            Signature of Movant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTTS


United States of America,    §

                             §

            v.               §         CIVIL NO: _____

Anthony Bova                 §         CRIMINAL NO: CR-01-10096-MEL

_____


## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VACATE,   SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 USC § 2255

I.                     INTRODUCTION/CASE HISTORY

1.    The procedural history of this case is convoluted and unique
in certain fashion. In 1993 in the District of Nevada, Anthony Bova
(hereinafter: "Petitioner") was convicted in federal court for
conspiracy involving stolen credit cards. In 1995 he was under non-
detentive supervised release having that supervision transferred
to the District of Massachusetts. In September of 1995, Bova was
arrested for allegedly violating his terms of release for stabbing
an individual. While in custody on that charge, he was accused of
beating a fellow inmate on November 6, 1995.


2.    The district court determined sometime thereafter that the
initial violation conduct (the stabbing) was unproven and returned

1.

petitioner back to supervised release status. Three days latter,
petitioner allegedly used a knife to threaten another individual in
Somerville, Massachusetts. He was then re-arrested pending further
review of the propriety of his non-custodial supervised release.
On March 15 and 18, 1996 petitioner was hauled before a magistrate
judge for a hearing for bail consideration pending any outcome of the
violation conduct for the new allegations.

3.    The contemporaneous record is extremely cloudy, however, because
petitioner was effectively intimidated by the quick processes of
procedure, and a very stern and inflexible magistrate judge, his
artless understanding of criminal procedure and his desires to
personally explain his story, he was misunderstood by the court
and was compelled to represent himself.

4.    Over the course of a bifurcated bail hearing lasting (2)
sessions over (2) days, Bova, as infallible  as human nature is,
made self-defeating mistakes. Errors, both the magistrate and
counsel Norris could have and should have prevented. What the court
effectively did was give Bova the very rope to hang himself while
standing aside and constructively participating in the miscarraige.

5.    Bova thereafter made several factual misstatements while under
oath during these spurious hearings and the government later
vindictively indicted him on perjury and obstruction of justice
charges. Petitioner was thereafter convicted of both offenses. See
**United States v. Bova**, 350 F.3d 224 (1st Cir.2003). Two main issues

2.

were raised on direct appeal: Bova raised a Sixth Amendment claim
asking for the suppression of the perjurious statements made during
the March 15 and 18, 1996 hearings; while the government cross-
appealed a baseless sentencing issue.

6.    Petitioner now raises fertile and cognizant constitutional
claims earlier neglected in certain form most viable to him by
appellate counsel.

II.                    **JURISDICTIONAL STATEMENT**

7.    **28 USC § 2255** ------- A prisoner in custody under sentence of
a court established by the Act of Congress claiming the right to
be released upon the ground that the sentence was imposed in violation
of the Constitution or laws of the United States, or that the
court was without jurisdiction to impose such sentence, or that the
sentence was in excess of the maximum authorized by law, or is
otherwise subject to collateral attack, may move the court which
imposed the sentence to vacate, set aside or correct the sentence.
Id.

8.    A one (1) year period of limitation shall apply to a motion
under this section. The limitation period shall run from the latest
of -----

        (1) the date on which the judgment of conviction becomes final.

        Petitioner elected not to pursue the singular issue raised by

3.

appellate counsel to the Supreme Court  and in its place determined
to address those omitted claims back to the district court under §2255.
Mandate was entered on or about January 2, 2004 in the matter of
**United States v. Bova**, supra, pursuant to the rules governing §2255
petitioner's "(1) year period" ends on January 2, 2005. Bova is
properly before the habeas court and his claims are ripe for adjud-
ication.


III.                  **CONSTITUTIONAL FAIRNESS**


9.   A habeas court has no higher duty under our constitutional
system than the careful processing and adjudication of petitions
under :2255, for it is in such proceedings that "... a person in
custody charges that error, neglect, or evil purpose has resulted
in his unlawful confinement and that he is deprived of his freedom
contrary to law." **Harris v. Nelson**, 394 U.S. 286, 292, 89 S.Ct.
1082 (1969). This very premise is observed in First Circuit
precedent even where many years have passed and the record is cold.
Clearly, a wrongful act on behalf of the adversary that possesses
constitutional taint must be remedied, accord: **Oses v. Massachusetts**,
961 F.2d 985 (1st Cir.1992).


**a. Relationship To Due Process:**


10.  Most constitutional violations, including due process, are
cognizable under habeas corpus. Petitioner will establish, infra,
cumulative and serious constitutional flaws during the March 15 and
18, 1996 bail hearings that run in diametrical direction to the

4.

Fifth and Sixth Amendments and can be said to "shock the conscience" of society. Cf. **Fay v. Noia**, 372 U.S. 391, 83 S.Ct. 822 (1963) (overruled on other grounds by <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991)("vindication of due process is precisely the historic office of habeas corpus"). See also **Strickland v. Washington**, 466 U.S. 668, 697, 104 S.Ct. 2052 (1984),

> "Fundamental fairness is the central concern of
> the writ of habeas corpus.",

citing **Lisenba v. California**, 314 U.S. 219, 236, 62 S.Ct. 280 (1941),

> "As applied to a criminal proceeding, denial of
> due process is the failure  to observe that fund-
> amental fairness essential to the very concept of
> justice. In order to declare a denial of it we
> must find that the absence of that fairness fatally
> infected the proceeding; the acts complained of must
> be of such quality as necessarily prevents a fair
> trial." <u>Id</u>.

**b.    The Meaning Of Prejudice:**

11.  Consistent with habeas actions, the prejudice prong of the "cause-and-prejudice" test is less frequently litigated that the cause prong. However, typically, prejudice is analyzed by looking at a combination of plain-error, and nonharmless constitutional error. As will be discussed <u>infra</u>, Bova's compelled exposure to participate in a hearing so replete with structural error should be reviewed for any such prejudice as the combination of structural omissions and disregard of constitutional safeguards is apparent

5.

throughout the March, 1996 hearings. Indeed, petitioner's advers-
arial proceedings establish .... "a showing of pervasive actual
prejudice .... that the prisoner was denied 'fundamental fairness'"
**Murray v. Carrier**, 477 U.S. 478, 494, 106 S.Ct. 2678 (1986); also
see **Jennings v. Purkett**, 7 F.3d 782, 799 (8th Cir.1993)("to demonstrate
prejudice, a petitioner must show that the errors of which he
complains worked to his actual and substantial disadvantage, infecting
his entire [hearing] with error of constitutional dimensions.");
**United States v. Frady**, 456 U.S. 152, 170 (1982)(emphasis added).


c.   **Miscarriage Exception**:


12.  The miscarriage principle is not limited to actual innocence,
however, but may also require a granting of a habeas petition "where
the petitioner can make a colorable claim [and] demonstrating that
a significant miscarriage of justice has occurred ...." (statement
of Burger, C.J., concerning the denial of certiorari) **Spalding v.
Aiken**, 460 U.S. 1093, 1097-98, 103 S.Ct. 1795 (1983). In fact, even
Rule 52 (b) of Criminal Procedure (plain-error) is presumed to
guide the exercise of remedial discretion and a court should correct
"....error affecting substantial rights if the error 'seriously
affect[s] the fairness, integrity or public reputation of judicial
proceedings.'" **United States v. Olano**, 507 U.S. 725, 113 S.Ct. 1770
(1993).


In the instant matter, Bova was at the mercy of an inflexible,
determined magistrate judge who failed to heed to his ethical duties
and the reputation of his office was undermined by his direct and

6.

proximate actions. Following review of the viable claims petitioner
herein raises, this court should vacate.


**IV.**                  **ARGUMENT AND POINTS OF AUTHORITY**


13.  As stated above, petitioner's appellate counsel neglected to raise
on appeal several constitutional questions of law. Petitioner will
address these claims in their cumulative affect as the force of
the combined weight establishes a _prima_ _facie_ cause of action
under the provisions of § 2255.


**d.    Counsel and Magistrate Judge Abandoned Bova:**


14.  Black-letter law provides each and every criminal defendant with
an inherent right to the assistance of counsel. Here, it was the
magistrate judge who stripped petitioner of certain structural mandates
that turned a provisional expectation by petitioner into a mockery.
Initially, Magistrate Cohen should have recused himself from Bova's
hearings because he was the presiding judicial officer in atleast
two (2) previous hearings in which Bova was involved. The record
is saturated with inuendos and snide remarks coming from Judge Cohen
that clearly indicate an unhealthy predisposition of the petitioner.


15.  Magistrate Judge Cohen's failure to respect constitutional roles
and structure contributed in a very large way to Bova's misstated
utterances that were selectively transformed into perjury by the
government for the sole purpose of vindictive prosecution. Indeed,

Magistrate Cohen's actions conceived the governments later pros-
ecution of Bova for perjury absent any regard for neutral prin-
ciples of law. The Court's actions time and again cut Bova off
from developing material points of contention and fundamental
compulsory process.

16.  A focussed review of the record of the March 15 and 18, 1996
hearings establishes a judicial officer loaded for bear and whose
deliberate actions had a designed result. (Why appellate counsel utterly
failed to raise this issue is beyond comprehension). The court
continuously badgered Bova with intimidation through admonishment
that was simply unfair. By all implication, Judge Cohen's intention
was not to fully explain the dangers petitioner was facing, **United
States v. Keen**, 104 F.3d 1111 (9th Cir.1996), also compare **United
States v. Taylor**, 113 F.3d 1136 (10th Cir.1997)(Court did not assure
proper waiver of counsel) and to sit back and observe a helpless
defendant flounder through a judicial hearing in which he had not
a clue.

17.  Subjective decision-making by judges, unhinged from neutral
principles of law and procedure, cuts both ways. Sometimes you
get results that are firm and proper, then again, (as here) sometimes
rights are destroyed. Nothing should come into the path of the habeas
court's conclusion that collectively, both defense counsel and the
magistrat's "hands-off" approach to their responsibilities should
not excuse them from ultimate responsibility of what went wrong
during their watch. See **United States v. Keen**, supra; **United States
v. Pollani**, 146 F.3d 269 (5th Cir.1998)(defendant's late request

8.

for counsel should have been honored). Moreover, the record of
the hearings plainly reveal that no <u>voluntary</u> or <u>intelligent</u>
waiver of the right to counsel was obtained by Judge Cohen. Cf.
**United States v. Proctor**, 166 F.3d 396 (1st Cir.1999); **United
States v. Hayes**, 231 F.3d 1132 (9th Cir.2000) and **Buhl v. Cooksey**,
233 F.3d 783 (3rd Cir.2000) same, but see, e.g. **United States v.
Midgett**, 342 F.3d 321 (4th Cir.2003)(A defendant should not under
any circumstance have been forced to choose between right to lawyer
and testifying in his own defense).

18.  The most cursory of reading of the record of the March 1996
hearings is enough to establish error. The direct and proximate
actions of those present to assure Bova his rights, and neglecting
to do so is manifest. For example: the 3/15/96 hearing transcript
(hereinafter "3/15 Tr.") reflects a judicial officer's abandonment
of a helpless defendant.

    ------ "your in a real mess" [Mr. Bova] at 6,
and following a brief exchange between Judge and petitioner the
miscarriage is present.
    ------- "I'm just so confused", (Bova talking to Judge Cohen
at 3/15 Tr. at 6),
then Bova pleads for help from the court only to be rejected:
    ------ "Your Honor, I'll take counsel ...." <u>supra</u> at 14.

    The following Monday, March 18, 1996, seen more of this
deliberate indifference on the part of the court.

    ------ (3/18 Tr) the court picked-up where it left off by

9.

relentlessly admonishing petitioner rather than affording him a
reputable judicial hearing.

------ during Bova's attempts to draw (no matter how untrained)
pertinent material facts from the cross examination of USPO Perry,
Judge Cohen continually interupted and cut-off petitioner's attempts,
at 22.

------ The court also declined to give Bova meaningful ex-
planations of his rulings on objections.

------ More importantly, Judge Cohen purposely disrupted Bova's
attempts as a pro se defendant from developing an affirmative
defense against the allegations. supra (3/18 Tr. 28029).

------ At one point during the 3/18 hearing, the court actually
ordered petitioner Bova to "stop" making what was to Bova evidentiary
points to challenge the veracity of the allegations confronting
him.

------ (3/18/ Tr. at 30) Judge to Bova: ".... don't try to
make any points." supra.

It was at this point petitioner realized that the court
stacked the deck to his disadvantage:

------ (3/18/ Tr. at 33) Bova; "this is tough, Your Honor",
yet the court continued to ignore such desperate pleas for remedy.

**10.**

Again, at 37 ------ "It's tough Your Honor" ----- and the Judge simply
sitting idle espousing wholesale misconduct. Appellate counsel
failed miserably in not asserting an argument that the level of
judicial misconduct was not harmless and precursed any factual
misstatements made by a helpless criminal defendant.

In fact, the habeas reviewing court should recall finding
that Bova was indeed "confused" during the debacle conducted by
Magistrate Judge Cohen. Accord: Motion To Suppress, Hrng. at 18
October 1, 2001. Finally, as to this point, Judge Cohen's actions
showed no respect for constitutional text, intent or precedent as
required by public trust. Only the wishes of the judge mattered
and must now be addressed. Indeed, this court may be hard-pressed
to locate and identify an example of such profound judicial mis-
conduct where a reviewing court failed to act and correct the
taint.

e.    **Presumption Of Correctness:**

19.  What this habeas court should find alarming is the view taken
by appellate counsel for Bova in raising a single substantive
challenge to the mockery that was fostered at the March 1996
hearings, ignoring the proof and reasonable inferences pointing to
a more viable combination of constitutional omissions during the
hearings. **Carringer v. Stewart**, 132 F.3d 463 (9th Cir. 1997)(en banc).
The correctness presumption, if argued more forcefully, would have
established facts on the record that "but for" the court's profound

11.

neglect of it's authority, Bova would never have been placed in the position to make misstatements while under oath. The long held assumption that perjury (if that is what petitioners actions constituted) can never be excused is misplaced, in fact, the <u>only</u> remedy for such judicial misconduct would have been to suppress Bova's spurious utterances as illegally achieved and dismiss the indictment, however, appellate counsel's choice of legal attack was inappropriate. Bova had a protected expectation of correctness that the hearing judge tossed, and appellate counsel fumbled the ball.

This court, under the authority vested in it by Article III of the Constitution must now correct the wrong. The combined errors of both the court overseeing the hearings of March, 1996, " ..erected a significant barrier to petitioner's ability to  receive due process." **Kelley v. Kaiser**, 992 F.2d 1509, 1515-16 (10th Cir.1993).

### f.    The Three Year Term Of Supervised Was Improper:

20.  There are three (3) tiers of statutory conduct under the general perjury provision. See **18 USC §§§ 1621, 1622 and 1623**. These criminal offenses are drafted in order of severity. Petitioner's indictment charges that he violated the lesser of the three offenses and clearly the misdemeanor form under §1623, or making a "false declaration." <u>Id</u>. Petitioner should have received the lesser offense category (classification) of "Class-E" misdemeanor and a corresponding maximum of no more than one (1) year of supervised release. See **18 USC 3583 (b)(3)**. Inasmuch, the misdemeanor variation of § 1623 did not call for the type and form of supervised release otherwise

**12.**

reserved for the more felonious category of perjury. **United States v. Leaphart**, 98 F.3d 41 (2d Cir.1996)(Misdemeanor did not justify a two year term of supervised release).


## CONCLUSION


21.  Taken in to to, it cannot be said that the cumulative effect of the actions of the hearing judge , exacerbated by the utter failure of appellate counsel to raise viable claims did not have a direct and proximate causation of the tainted hearing which fostered the illegal fruits. Even the First Circuit panel reviewing what what little argument that was made on behalf of Bova held that if armed with counsel such protections more than likely would not have occurred, however, the questions of the judicial misconduct as alleged above was omitted from appellate review. Cf. **Upshaw v. Singletary**, 70 F.3d 576 (11th Cir. 1995)(claim of ineffective assistance of counsel at plea was not waived even though not raised on direct appeal).


22.  Clearly, appellate counsel's failure to further investigate viable appellate issues is presumed ineffective. The constitution simply disallows the "jumping" of protections inherent in due process because a criminal defendant should have acted in a certain way even absent trained defense counsel. See **Greer v. Mitchell**, 264 F.3d 663 (6th Cir.2002)(failure to allege ineffectiveness claim on appeal can be ineffective assistance of counsel).

13.

   **WHEREFORE**, for all the foregoing reasons, this Honorable Court should vacate the sentence of petitioner as unconstitutional and further vacate the supervised release term as inapplicable under the circumstances.

   Submitted This __9/5/₀₁__ Day of September, 2004:


                              Respectfully submitted,


                              _Andy Bova_____
                              Anthony Bova # 28129-c₄₈
                              Federal Medical Center
                              P.O. Box 879
                              Ayer, MA  01432






**This Document Prepared By:**

W.L. Ferreira, PLS/LA
Ayer, MA
August 30, 2004




                         14.

# PROOF OF SERVICE

I, __Anthony Bova_____, certify that on __September 5_____,
200_4___ I mailed a copy of this document and all attachments via First Class mail to the following
parties **at the addresses listed below:**

    **Office Of The Clerk**
    **United States District Court**
    **Moakley Federal Courthouse**
    **1 Courthouse Way**
    **Boston, MA  02210**

    **(Original & Two Copies)**

# PROOF OF SERVICE FOR INCARCERATED LITIGANTS

In addition to the above Proof of service, all litigants who are currently incarcerated should
include the following statement with all documents to be filed with the court:

I certify that this document was given to officials[1] on this date for forwarding to the United
States District Court for the District of __Massachusetts_____. I further certify
under penalty of perjury that the forgoing is true and correct. **Title 28 U.S.C. § 1746.**

Respectfully submitted this _____5th_____ day of _____September_____, 200__4_.

Name: __Anthony Bova_____
Number: __28129-048_____
FMC Devens, Unit  **G-B**_____
P.O. Box 879
Ayer, Massachusetts 01432

---

[1] Pleadings by prisoners who represent themselves are to be considered filed at the moment such pleadings are delivered to
prison authorities for forwarding to clerk. **Houston v Lack**, 487 U.S. 266 (1988).

15.