UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
ANTHONY BOVA                  )
                              )
                              )
         V.                   )    CIV. NO. 04-11957-MEL
                              )
                              )
UNITED STATES OF AMERICA      )
```

**GOVERNMENT'S RESPONSE TO DEFENDANT'S PETITION FOR HABEAS CORPUS PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 2255**

Title 28, United States Code, Section 2255 provides for post-conviction relief for prisoners in custody under sentence of a federal court in four instances: if the federal prisoner's sentence (1) was imposed in violation of the Constitution or laws of the United States; (2) was imposed by a court that was without jurisdiction; (3) exceeded the statutory maximum; or (4) was otherwise subject to collateral attack. David v. United States, 134 F.3d 470, 474 (1st Cir. 1998); see Hill v. United States, 368 U.S. 424, 426-427 (1962).  Claims that do not allege constitutional or jurisdictional errors may properly be brought under §2255 only if the assignment of error is "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure."[1]  Hill, 368 U.S. at 428; Cofske v. United States, 290 F.3d 437, 441 (1st Cir. 2002).  The error must

---

[1] The Supreme Court has explicitly tied the "miscarriage of justice" exception to the prisoner's innocence. Schlup v. Delo, 513 U.S. 298, 321 (1995).

1

present "exceptional circumstances" that make the need for redress evident. David, 134 F.3d at 474, quoting Hill, 368 U.S. at 428. "A court cannot grant collateral relief on 'mere speculation that the defendant was prejudiced by trial error; the court must find that the defendant was actually prejudiced by the error.'" Ellis v. United States, 313 F.3d 636, 644 (1st Cir. 2002), quoting Calderon v. Coleman, 525 U.S. 141, 146 (1998).

The central considerations underlying all collateral review jurisprudence is that a facially valid, final judgment of conviction is entitled to great respect. See, e.g., United States v. Frady, 456 U.S. 152, 165 (1982). Collateral review is thus narrower than direct review, see Brecht v. Abrahamson, 507 U.S. 619, 633-634 (1993), and §2255 is not a substitute for a direct appeal, Frady, 456 U.S. at 165.

As a result, an "error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." Brecht, 507 U.S. at 634 (internal quotation omitted). Constitutional error that was probably harmless and might have required reversal on direct appeal is not a ground for relief on collateral review. See id. at 634. Moreover, a constitutional error is deemed harmless on collateral review unless it "had substantial and injurious effect or influence on determining the jury's verdict." Id. at 638 (applying the standard from Kotteakos v. United States, 328 U.S. 750, 776

(1946), which requires "actual prejudice").

Further, and particularly relevant to the petition in this case, a claim that has already been rejected on the merits by a federal court cannot be relitigated on collateral review absent a change in the law or other unusual circumstances. See <u>Withrow v. Williams</u>, 507 U.S. 680, 720-721 (1993) (Scalia, J., concurring); <u>Argencourt v. United States</u>, 78 F.3d 14, 16 n.1 (1st Cir. 1996). Neither basis for relitigation has been presented here.

On other hand, failure to raise a claim on direct review forecloses collateral review absent a showing of cause and prejudice or "actual innocence."[2] See <u>Frady</u>, 456 U.S. at 170; <u>see</u> <u>also</u> <u>Bousley</u>, 523 U.S. at 621-624. The "cause and prejudice" requirement for overcoming "procedural default" requires the prisoner to show that "some objective factor external to the defense" impeded his efforts to raise the issue as required by each relevant procedural rule, <u>Coleman v. Thompson</u>, 501 U.S. 722, 753 (1991), <u>quoting</u> <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986),

---

[2]"Actual innocence" means "factual innocence, not mere legal insufficiency." <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998). In <u>Schlup</u>, the Supreme Court held that to show actual innocence, a prisoner must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." <u>Id.</u> at 327; <u>see</u> <u>Calderon v. Thompson</u>, 523 U.S. 538, 559 (1998) ("To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.") (internal quotations omitted). The actual innocence exception is "quite narrow and seldom used." <u>Simpson v. Matesanz</u>, 175 F.3d 200, 210 (1st Cir. 1999). The petitioner has not and cannot assert his innocence.

3

and that the error worked to his "<u>actual</u> and substantial disadvantage, infecting his entire trial with error," <u>Frady</u>, 456 U.S. at 170 (emphasis in original). <u>See</u>, <u>e.g.</u>, <u>Suveges v. United States</u>, 7 F.3d 6, 10 (1st Cir. 1993). Thus, a non-constitutional claim that could have been raised on direct appeal may only be asserted in a §2255 motion if it resulted in a complete miscarriage of justice. <u>See</u> <u>Brecht</u>, 507 U.S. at 634 n.8; <u>see also</u> <u>Knight v. United States</u>, 37 F.3d 769, 772 (1st Cir. 1994) ("exceptional circumstances"); <u>Stone v. Powell</u>, 428 U.S. 465, 477 n.10 (1976). Again, the petitioner has presented no supporting argument.

On January 17, 2002, the petitioner Anthony Bova pleaded guilty to two counts of perjury, in violation of Title 18, United States Code, Section 1623, and one count of obstruction of justice, in violation of Title 18, United States Code, Section 1503. <u>United States v. Anthony Bova</u>, District of Massachusetts, Criminal Number 01-10096-MEL (hereinafter "01-10096-MEL"). The charges were based on false testimony given in a bail hearing in a previous case involving the petitioner. <u>United States v. Anthony Bova</u>, District of Massachusetts, Criminal Number 95-10293-RCL (hereinafter "95-10293-RCL"). (In the 1995 case, the petitioner was charged with violation of supervised release.) In 01-10096-MEL, Petitioner had filed a motion to suppress the evidence of his crime, <u>i.e.</u>, his testimony in the bail hearing in

4

95-10293-RCL. After this Court denied his motion to suppress, the petitioner entered a conditional plea, pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, reserving his right to appeal this Court's denial of the motion to suppress his testimony. The petitioner pursued his appeal, and the Court of Appeals for the First Circuit affirmed the District Court's denial of the motion to suppress. United States v. Bova, 350 F.3d 224 (1st Cir. 2003).

Anthony Bova has filed a petition, pursuant to Title 28, United States Code, Section 2255, to vacate, set aside or correct his sentence. The petitioner claims that his:

1. conviction [was] obtained through appearance of judicial misconduct; and

2. conviction was affirmed by failure of appellate counsel to properly raise claims.

Petition at page 5.

The petitioner's claims are neither factually nor legally correct.

Although he alleges "judicial misconduct," the petitioner does not complain of constitutional violations in connection with his convictions in this matter,³ 01-10096-MEL, but for alleged

---

³His argument concerning the alleged failure of appellate counsel might be an attempt to assert ineffective assistance of counsel. To the extent that he claims a constitutional defect in the quality of representation, that argument is addressed below. Appellate counsel raised, and the court of appeals rejected, the same argument he makes in his petition.

constitutional errors during the bail hearings in the previous case involving the supervised release violation in 95-10293-RCL. In his memorandum in support of his petition ("Pet. Mem.") he states: "Petitioner will establish ... cumulative and serious constitutional flaws during the March 15 and 18, 1996 bail hearings." Pet. Mem., at 4. Said bail hearing took place during pre-trial proceedings in the case involving the earlier supervised release violation in 95-10293-RCL, and not in the case that is the subject of the instant petition.[4]

The petitioner attempts to re-argue those alleged constitutional defects by asserting that "Petitioner's counsel neglected to raise on appeal [in 01-10096-MEL] several constitutional questions of law." Pet. Mem, at 7. To the extent that there were any constitutional violations as argued by the petitioner, and to the extent that any such violations might be relevant to a habeas petition in connection with 01-10096-MEL, they are only relevant to the motion to suppress that was filed and litigated 01-10096-MEL; however, any such violations were fully litigated before the District Court and the Court of Appeals in petitioner's appeal of his conviction in 01-10096-MEL.

The defendant argues that "appellate counsel fumbled the ball," in failing to argue "a more viable combination of

---

[4] It was during those hearings that petitioner committed the crimes alleged in 01-10096-MEL.

constitutional omissions." Pet. Mem., at 11-12.  Thus, it seems that he complains not of the failure of appellate counsel to argue suppression based on constitutional violations, but in "not asserting ... the level of judicial misconduct. Pet. Mem., at 11.

The Court of Appeals fully considered and rejected the petitioner's claims.  United States v. Bova, 350 F.3d 224 (1st Cir. 2003).  His current petition adds nothing to what was presented and rejected by this Court and the appellate court.

The Court of Appeals, having before it the full transcripts of the bail hearings that are discussed and described in the petitioner's memorandum, held that petitioner's Sixth Amendment right to counsel had not been violated.  350 F.3d at 226-227.

Second, the Court of Appeals assumed *arguendo* that his rights had been violated, but, nevertheless, relying on the same clear precedent that was relied on by this Court, affirmed the denial of his motion to suppress.  350 F.3d at 227-229.  The petition adds nothing that should upset that decision.  He cannot now relitigate the same issues.  See Withrow v. Williams, 507 U.S. at 720-721 (Scalia, J., concurring); Argencourt v. United States, 78 F.3d at 16 n.1.

In his memorandum, the Petitioner raises an additional claim not addressed in his Petition.  He claims that imposing a term of three years supervised release was improper.  Pet. Mem., at 12. Petitioner argues that he was convicted of a Class E misdemeanor

7

and, therefore, the Court could not have imposed more than one year of supervised release.

First, as discussed above, failure to raise a claim on direct review forecloses collateral review absent a showing of cause and prejudice or "actual innocence." See Frady, 456 U.S. at 170; see also Bousley, 523 U.S. at 621-624.

Second, even if the Court were to consider the merits of this argument, it should be rejected. As described above, the petitioner was convicted of two counts of perjury, in violation of Title 18, United States Code, Section 1623, and one count of obstruction of justice, in violation of Title 18, United States Code, Section 1503. 18 U.S.C. §1623 is punishable by five years' imprisonment, and is, therefore, a Class D felony. 18 U.S.C. §3559(a)(4). Pursuant to U.S.S.G. §5D1.2(a)(2), the Court could (and did) impose not less than two nor more than three years' supervised release. Further, even if the petitioner's argument with reference to the perjury convictions were correct, he ignores the fact that he was also convicted of obstruction of justice in violation of 18 U.S.C. §1503, which is punishable by ten years' imprisonment. Thus, the obstruction conviction was a Class C felony, 18 U.S.C. §3559(a)(3), and, therefore, pursuant to U.S.S.G. §5D1.2(a)(2) the petitioner could have been sentenced to up to three years' supervised release for that conviction alone.

For the reasons stated herein (and in the opinion of the Court of Appeals for the First Circuit in <u>United States v. Bova</u>, 350 F.3d 224 (1st Cir. 2003)), this Court should deny the petition in this case.

                                          Respectfully submitted,

                                          MICHAEL J. SULLIVAN
                                          United States Attorney

                              By:  <u>/s/ Jeffrey Auerhahn</u>
                                          JEFFREY AUERHAHN
                                          Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

This is to certify that, on March 31, 2005, I have served by first class mail, a copy of this document upon Anthony Bova, FMC Devens, G-B, P.O. Box 879, Ayer, Massachusetts 01432.

                                          <u>/s/ Jeffrey Auerhahn</u>
                                          JEFFREY AUERHAHN
                                          Assistant U.S. Attorney