**E N D O R S E M E N T**

UNITED STATES OF AMERICA v. ANTHONY BOVA
04-CV-11957-MEL

---

LASKER, D.J.

Pursuant to 28 U.S.C. § 2255, Anthony Bova ("Bova") petitions for a writ of habeas corpus. For the reasons stated below, the petition is DENIED.

On March 15 and 18, 1996, Bova offered false testimony during bail hearings before a Magistrate Judge, in connection with a prior violation. U.S. v. Anthony Bova, No. 95-CR-10293-RCL (D. Mass., 03/18/1996). He was subsequently charged with two counts of perjury and one count of obstruction of justice, to which he pled guilty. U.S. v. Anthony Bova, No. 01-CR-10096-MEL (D. Mass., 01/17/2002). Bova moved to suppress the statements claiming that they were made as a result of judicial misconduct, which motion was denied by this court. U.S. v. Bova, 01-CR-10096-MEL (D. Mass., 10/11/2001). Bova subsequently appealed the decision, which the First Circuit affirmed. U.S. v. Bova, 350 F.3d 224 (1st Cir. 2003).

Bova now submits this petition to vacate, set aside or correct his sentence on the grounds that: (1) his conviction was obtained through the appearance of judicial misconduct, and (2) his appellate counsel failed to properly raise legitimate constitutional claims. A third allegation, that his sentence was improper, is absent from Bova's petition but is mentioned in the accompanying memorandum. However, this allegation will not be considered here because it is not a constitutional claim as required for a § 2255 petition, and was not raised on direct appeal. 28 U.S.C. § 2255; See United States v. Frady, 456 U.S. 152, 170 (1982).

Bova first argues that the Magistrate Judge should have recused himself from the case because he had demonstrated an "unhealthy predisposition" toward Bova in prior hearings. Bova also maintains that the Magistrate Judge violated his Sixth Amendment right to counsel by denying his request to be assisted at trial by stand-by counsel rather than proceeding *pro se*. United States v. Pollani, 146 F.3d 269 (5th Cir. 1998); see United States v. Midgett, 342 F.3d 321 (4th Cir. 2003). Furthermore, Bova asserts that he never gave a voluntary or intelligent waiver of the right to counsel. See United States v. Keen, 104 F.3d 1111 (9th Cir. 1996). Although these are legitimate constitutional claims under § 2255, they have been fully litigated in the First Circuit Court and cannot be relitigated on collateral review absent a change in the law or

other unusual circumstances.  *Bova*, 350 F.3d at 224; See *Withrow v. Williams*, 507 U.S. 680, 720-721 (1993) (Scalia, J., concurring); *Argencourt v. United States*, 78 F.3d 14, 16 n.1 (1st Cir. 1996).  I find no unusual circumstances to warrant revisiting these claims.

     Bova next argues that his appellate counsel failed to adequately address the above claims of judicial misconduct, and in particular failed to emphasize the Magistrate Judge's overt malice toward him.  He appears to believe that if appellate counsel had articulated the Magistrate Judge's mistreatment of him more forcefully, the Circuit Court would have prioritized Bova's constitutional rights over the long-standing legal axiom that lying on the witness stand is prohibited.  See *United States v. Mandujano*, 425 U.S. 564, 577 (1976).  The unlikelihood of this prospect notwithstanding, appellate counsel did raise the issue of the Magistrate Judge's attitude toward Bova, and the extent to which he chose to stress that matter was within his discretion.  *Bova*, 350 F.3d at 227-29; see *Strickland v. Washington*, 466 U.S. 668 (1984).

     It is distressing that Bova's appointed attorney did not meet with Bova even once during the week he had been given to review Bova's case, and that the Magistrate Judge did not suggest a postponement of the initial bail hearings to give that attorney additional time.  However, the settled law on the remedy Bova has demanded is clear: perjurious statements cannot be suppressed for constitutional violations of the sort alleged.

     As Bova has raised no new valid constitutional issues and neither changes in the law nor unusual circumstances are present, the petition is without merit.

     Accordingly, the petition for habeas corpus is DENIED.  The complaint is dismissed.

     It is so ordered.


Dated:    June 23, 2005
          Boston, Massachusetts     /s/ Morris E. Lasker
                                         U.S.D.J.